UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COMPUFILL, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HEB GROCERY COMPANY, LP,<br><br>    Defendant. | Case No. 2:13-cv-00106<br><br>JURY TRIAL DEMANDED |

**DEFENDANT HEB GROCERY COMPANY, LP'S ANSWER TO COMPLAINT**

Defendant HEB Grocery Company, LP hereby files its Answer and Defenses to the Complaint of Plaintiff CompuFill, LLC. Except as expressly admitted below, HEB denies each and every allegation contained in the Complaint. Specifically, HEB responds as follows:

**ANSWER TO ALLEGATIONS REGARDING PARTIES**

1. HEB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and therefore denies those allegations.

2. HEB admits the allegations of paragraph 2.

**ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE**

3. HEB admits that this action purports to be for patent infringement under Title 35 of the United States Code. HEB further admits this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, HEB denies the allegations in Paragraph 3.

4. HEB admits that it has transacted business in this judicial district and that venue is proper in this district. Except as expressly admitted, HEB denies the allegations in Paragraph 4.

5. HEB admits that it maintains documents in Texas and that some of its witnesses may be located in Texas. HEB further admits that it has at least two stores within this judicial district and that Exhibits A and B are copies of screenshots from HEB's website. Except as expressly admitted, HEB denies the allegations in Paragraph 5.

## ANSWER TO ALLEGATIONS REGARDING COUNT I

6. HEB admits that U.S. Patent No. 6,728,684 is entitled "On-Line Pharmacy Automated Refill System." HEB further admits that what appears to be a copy of the '684 Patent was attached to the Complaint as Exhibit C and that the face of the '684 Patent states that it was issued on April 27, 2004. HEB lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is the owner by assignment of the '684 Patent or of any rights therein, and therefore denies that allegation. Except as expressly admitted, HEB denies the allegations in Paragraph 6.

7. HEB admits that it operates a telephonic prescription refill system at certain of its stores in Texas. Except as expressly admitted, HEB denies the allegations in Paragraph 7.

8. HEB admits that claims 1 and 8 of the '684 Patent read as stated in the Complaint. Except as expressly admitted, HEB denies the allegations in Paragraph 8.

9. HEB admits that the automated voice recordings on the telephonic prescription refill systems at Corporate Store #465 in Austin, TX, #48 in Beaumont, TX, and #589 in Port Arthur, TX, among others, state that "if you know your prescription number and are

calling to request a refill through the automated system press two." Except as expressly admitted, HEB denies the allegations in Paragraph 9.

10. HEB admits that callers to its telephonic prescription refill system hear an automated voice recording stating that "if you know your prescription number and are calling to request a refill through the automated system press two." Except as expressly admitted, HEB denies the allegations in Paragraph 10.

11. HEB denies the allegations in Paragraph 11.

12. HEB denies the allegations in Paragraph 12.

13. HEB denies the allegations in Paragraph 13.

14. HEB admits that callers to its telephonic prescription refill system hear an automated voice recording stating that "If you know your prescription number and are calling to request a refill through the automated system press two. If you know your prescription number and are calling to check the status of your prescription order, press three. For Pharmacy hours and information press four. To speak to a member of our Pharmacy staff press zero." Except as expressly admitted, HEB denies the allegations in Paragraph 14.

15. HEB denies the allegations in Paragraph 15.

## RESPONSE TO PRAYER FOR RELIEF

HEB denies that Plaintiff is entitled to any relief in this action and asks the Court to deny any and all of the relief requested by Plaintiff in its Complaint.

## ADDITIONAL DEFENSES

HEB, without altering the applicable burdens of proof, asserts the following further defenses to the Complaint and the purported claims contained therein.

### First Additional Defense
### (Failure to State a Claim)

Plaintiff's claims for alleged infringement of the '684 Patent fail to state a claim upon which relief can be granted.

### Second Additional Defense
### (Non-Infringement)

HEB has not infringed, either literally or under the doctrine of equivalents, any claim of the '684 Patent.

### Third Additional Defense
### (Invalidity)

Each claim of the '684 Patent is invalid for failure to satisfy the conditions for patentability set forth by 35 U.S.C. §§ 101, 102, 103 and 112.

### Fourth Additional Defense
### (Prosecution History Estoppel)

The claims of the '684 Patent cannot be enforced against HEB under the doctrine of prosecution history estoppel.

### Fifth Additional Defense
### (Equitable Defenses)

On information and belief, Plaintiff's claims against HEB are barred, in whole or in part, under the equitable doctrines of laches and unclean hands.

### Sixth Additional Defense
### (Non-infringing Alternatives)

Any claim by Plaintiff for damages is limited by the existence of non-infringing alternatives to the '684 Patent.

### Seventh Additional Defense
### (Release, License and Exhaustion)

Plaintiff's claims are barred in whole or in part under the doctrines of release, license, implied license, and/or patent exhaustion.

### **Eighth Additional Defense**
**(Limitation on Recovery of Costs)**

Plaintiff is precluded from seeking recovery of costs by 35 U.S.C. § 288.

### **Ninth Additional Defense**
**(Limitation on Damages)**

Plaintiff is precluded from seeking damages by 35 U.S.C. § 287.

### **Tenth Additional Defense**
**(Reservation of Rights)**

HEB specifically reserves the right to assert any and all defenses, affirmative or otherwise, that may become available through information developed in discovery or otherwise.

WHEREFORE, HEB respectfully demands judgment on Plaintiff's Complaint as follows:

A.   That Plaintiff takes nothing and is denied any relief whatsoever;

B.   That the Complaint be dismissed on the merits and with prejudice with respect to HEB or any other persons in privity with HEB including without limitation any of HEB's successors, assigns, agents, suppliers and customers;

C.   That the claims of the '684 Patent be declared to be not infringed by HEB;

D.   That the claims of the '684 Patent be declared to be invalid;

E.   That the '684 Patent be declared unenforceable;

F.   That HEB be awarded the costs incurred by it in connection with this action;

G.   That this case be deemed exceptional pursuant to 35 U.S.C. § 285, such that HEB be awarded its reasonable attorneys' fees; and

H.   That HEB be awarded such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

HEB demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: April 8, 2013                              MORRISON & FOERSTER LLP

*/s/ Charles S. Barquist*

Charles Barquist  *(Pro Hac Vice)*
Wendy J. Ray  *(Pro Hac Vice)*
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, CA 90013-1024
Telephone: (213) 892-5200
Facsimile: (213)892-5454
cbarquist@mofo.com
wray@mofo.com

Michael C. Smith
Siebman, Burg, Phillips & Smith, LLP
113 East Austin Street
Marshall, Texas 75670
Telephone: (903)870-0070
Facsimile: (903)870-0066

Attorneys for Defendant
HEB Grocery Company, LP

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on April 8, 2013 a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                                        */s/ Charles S. Barquist*

la-1203495